UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



JOHN W. NELMS, JR.,

    Plaintiff,

v.                                                   Civil No.: 2:12cv14

FEDERAL DEPOSIT INSURANCE CORPORATION,
in its capacity as Receiver for
Bank of the Commonwealth,

    Defendant.

## MEMORANDUM OPINION & ORDER

This matter is before the Court on defendant Federal Deposit Insurance Corporation's ("FDIC") motion to dismiss for lack of subject matter jurisdiction. For the reasons set forth below, FDIC's motion to dismiss is **GRANTED**.

On September 20, 2011, the Virginia State Corporation Commission ordered Bank of the Commonwealth (the "Bank") closed as of September 23, 2011 due to "critical undercapitalization." As a result, FDIC was appointed receiver for the Bank. Acting as receiver, FDIC discovered that plaintiff John W. Nelms, Jr. ("Plaintiff") had an existing claim against the Bank pending in the Circuit Court of the City of Suffolk, Virginia. FDIC notified Plaintiff that, pursuant to the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), Plaintiff was required to file a Proof of Claim with FDIC no later than

December 28, 2011. See 12 U.S.C. § 1821(d)(5)(C)(i). It is undisputed that Plaintiff timely satisfied this requirement.

On December 27, 2011, FDIC was substituted as the defendant in the action pending against the Bank in the Suffolk Circuit Court, and on January 6, 2012, FDIC removed such action to the United States District Court for the Eastern District of Virginia. On that same date, FDIC moved this Court to stay the judicial proceedings in order to allow the statutorily mandated FIRREA administrative process to be completed. On March 27, 2012, this Court stayed the case until the administrative process was complete. ECF No. 6; see <u>Brady Development Co., Inc. v. Resolution Trust Corp.</u> 14 F.3d 998, 1003 (4th Cir. 1994) (interpreting FIRREA as demonstrating that "Congress clearly envisioned that administrative and judicial review of claims could not take place simultaneously").

On April 12, 2012, FDIC issued its administrative determination disallowing Plaintiff's claim. FDIC notified Plaintiff by certified mail that if he did not file a lawsuit or "<u>continue any lawsuit commenced before the appointment of the receiver</u>" within 60 days of the date of the written FDIC notice, then the FDIC's disallowance would be final and Plaintiff's claim "will be forever barred and [he] will have no further rights or remedies with respect to [his] claim." FDIC Notice Letter (citing 12 U.S.C. § 1821(d)(6)), ECF No. 8-6 (emphasis

2

added). Notwithstanding the completion of the administrative process and the written notice expressly informing Plaintiff that he needed to file suit or continue a previously filed suit within 60 days, Plaintiff did not file a motion to lift the stay previously imposed by this Court, did not file a motion to reopen proceedings, did not file a "notice" with this Court indicating that the administrative process was complete, and did not submit any other filing indicating, or even suggesting, that Plaintiff sought to continue this previously filed case.[1]

Several months after the 60-day deadline passed, with no action of any kind from Plaintiff, FDIC filed the instant motion to dismiss for lack of jurisdiction based on Plaintiff's failure to comply with the statutory requirements for continuing a previously filed suit. Consistent with his prior failure to appear in this case, Plaintiff did not file a brief in opposition to Defendant's motion to dismiss, or indicate in any other manner a desire to continue with this suit.

As set forth in FIRREA, if, as here, the FDIC disallows a claim within the statutorily proscribed period, FIRREA permits a claimant to: (1) seek further "administrative review" of the

---

[1] In fact, although irrelevant to the jurisdictional calculus, even after the expiration of the 60-day period, Plaintiff has not filed any such motion, notice, or other similar document. Furthermore, even after the Clerk of Court issued an Order requiring all counsel to submit a written update to the Court regarding the status of the stayed case, ECF No. 9, the Court received no filing from Plaintiff or his counsel.

3

claim; (2) "file suit" on the claim; or (3) "continue an action" that was previously filed before appointment of the receiver. 12 U.S.C. § 1821(d)(6)(A). However, if a claimant does not pursue one of these three options within 60 days of FDIC's ruling, the "disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim." 12 U.S.C. § 1821(d)(6)(B)(ii). Compliance with the statutory administrative requirements is mandatory, and failure to comply divests a district court of jurisdiction. See Brady Development Co., 14 F.3d at 1003 (explaining that "[t]he precise jurisdictional limitations on the Article III courts mandated by FIRREA are determined by reading section 1821(d)(13)(D) in conjunction with the statute's allowance of an action within sixty days of a claim being denied as provided for in section 1821(d)(6)(A)"); Tillman v. Resolution Trust Corp., 37 F.3d 1032, 1036 (4th Cir. 1994) (noting that "the administrative scheme provided in FIRREA is 'an absolute and unwaivable jurisdictional requirement' for judicial review" (quoting Brady, 14 F.3d at 1007)).

In the instant case, subsequent to the FDIC's disallowance of his claim, Plaintiff did not file a motion in this Court to lift the stay, he did not inform the Court that the administrative process was complete, nor did he enter any other form of appearance, other than when his lawyer sought to

4

withdraw from representation <u>approximately 6 months after</u> the 60-day statutory window had closed. Furthermore, he has failed to indicate a desire to "continue" this case after having received notice of the FDIC's motion to dismiss. On these facts, the Court finds that Plaintiff has failed to "continue" his federal action within 60-days of the conclusion of the administrative process. See <u>Seymour v. F.D.I.C.</u>, 2:07cv552, 2009 WL 3427456, at *1 (S.D. W. Va. Oct. 23, 2009) (dismissing a procedurally similar case for lack of jurisdiction where the plaintiffs: (1) had "not moved to lift the stay, or recommenced litigation in any way whatsoever"; (2) had "not filed anything with th[e] court in over a year"; and (3) had "even failed to respond to the defendant's Motion to Dismiss"); <u>Hanson v. F.D.I.C.</u>, 113 F.3d 866, 869-70 (8th Cir. 1997) ("[T]he failure of a claimant to satisfy the requirements of § 1821(d)(6)(B) within the prescribed time period bars the claimant from seeking judicial review of his claim."). Accordingly, Defendant's unopposed motion to dismiss for lack of jurisdiction is **GRANTED**.

The Clerk is instructed to send a copy of this order to Plaintiff and to counsel for the Defendant.

**IT IS SO ORDERED.**

/s/ [signature]
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 14, 2013

5